**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

HEIDI WELLS as beneficiary of Decedent Timothy Wells,

          Plaintiff,

  vs.

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,

          Defendant.

Case No.: 2:16-cv-0056-GMN-CWH

**ORDER**

Pending before the Court is the Motion to Dismiss (ECF No. 11) filed by Defendant Hartford Life and Accident Insurance Company ("Defendant"). Plaintiff Heidi Wells ("Plaintiff") filed a Response (ECF No. 13), and Defendant filed a Reply (ECF No. 15). For the reasons discussed below, Defendant's Motion to Dismiss is denied.

**I.   BACKGROUND**

This case arises out of Plaintiff's claim for accidental death benefits as beneficiary of the decedent Timothy Wells' ("Decedent") insurance policy. (Compl. ¶ 34, ECF No. 1-2). Plaintiff alleges that benefits are due to her under the accidental death and dismemberment insurance policy ("Policy"), policy number ADD-9922, that Decedent purchased on June 8, 1999, through the Defendant. (*Id*. ¶ 4).

On November 6, 2013, Decedent underwent surgery to his neck. (*Id*. ¶ 5). On November 11, 2013, Decedent returned home after his stay at the hospital following the surgery, and passed away while sleeping. (*Id*. ¶ 6). The Clark County Office of Coroner/Medical Examiner reviewed the death of Decedent and ruled the manner of death as an accident resulting from "a combination of Oxycodone, Methadone, Alprazolan, Morphine and

Cyclobenzaprine Intoxication." (*Id.* ¶ 7).  On March 21, 2014, Defendant opened a claim under the Policy, claim number 5002710, to determine Plaintiff's eligibility for benefits under the Decedent's life insurance plan. (*Id.* ¶ 8).  On November 17, 2014, Defendant denied Plaintiff's claim stating "we have determined that Timothy Wells' death is not a covered loss under the policy." (*Id.* ¶ 24).  Plaintiff then appealed Defendant's decision to deny her claim, (*id.* ¶ 28), and Defendant subsequently reaffirmed the denial after reviewing its initial decision, (*id.* ¶ 31).

As a result of Defendant's denial of Plaintiff's claim for benefits under the Policy, Plaintiff now seeks relief under two causes of action: first, declaratory relief—an order of the Court interpreting the subject life insurance policy as benefitting Plaintiff in this situation, (*id.* ¶ 34); and, second, breach of contract—claiming Defendant breached its contractual duties owed to Plaintiff for insurance benefits as required by the contract, (*id.* ¶ 38).  In the instant Motion, Defendant requests that the Court dismiss Plaintiff's claims because the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, preempts those claims entirely. (Mot. to Dismiss 4:8–14, ECF No. 11).  Additionally, if the applicability of ERISA cannot be determined in the Motion to Dismiss, Defendant requests that the Court allow the parties to conduct targeted and brief discovery into the applicability of ERISA and thereafter file a summary judgment motion before proceeding with traditional discovery. (Reply 3:17–20, ECF No. 15).

## II.  LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements

of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *E.g., Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys.*, Inc., 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

The parties dispute whether the Policy from which Plaintiff now seeks benefits is an ERISA governed plan. (Mot. to Dismiss 2:6–7, ECF No. 11). Defendant argues that Decedent was a member or employee of a labor union that subscribed to the Policy. (*Id*. 3:4–5). Consequently, Defendant argues that because Decedent's union subscribed to the Policy, the Policy is governed by ERISA and Plaintiff's state law claims are thus preempted. (*Id*. 4:10–14). In contrast, Plaintiff argues that whether or not the Policy is governed by ERISA would require the Court to engage in a factual inquiry to determine if Decedent's union promoted, sponsored, endorsed, or supported the Policy. (Resp. 2:21–22, ECF No. 13). Plaintiff contends that such factual inquiry requires the Court to interpret Defendant's Motion to Dismiss as a motion for summary judgment. (*Id*. 2:14–17).

ERISA applies to employee benefit plans established or maintained "(1) by any employer engaged in commerce or in any industry or activity affecting commerce; or (2) by any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce; or (3) by both." 29 U.S.C. § 1003. ERISA provides that the statute "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . ." 29 U.S.C. § 1144(a). However, "[t]he existence of an ERISA plan is a question of fact, to be answered in the light of all the surrounding circumstances from the point of view of a reasonable person." *Stuart v. UNUM Life Ins. Co. of Am.*, 217 F.3d 1145, 1149 (9th Cir. 2000).

As Defendant points out, multiple courts, including another division of this Court, have similarly applied ERISA to suits premised on the Hartford Insurance policy number ADD-9922 at issue in this case. *See Webb v. Hartford Life & Accident Ins. Co.*, No. 2:08-CV-1172-LDGPAL, 2010 WL 4810719, at *3 (D. Nev. Nov. 19, 2010); *Fabyanic v. Hartford Life & Accident Ins. Co.*, No. 02:08–cv–0400, 2009 WL 775404, at *1, *5 (W.D. Pa. Mar. 18, 2009);

*Corum v. Hartford Life & Accident Ins. Co*., 553 F. Supp. 2d 800, 802 (E.D. Ky. 2008).  In *Webb*, for example, the court applied a fact specific analysis on a motion for summary judgment to come to the conclusion that a Hartford issued Accidental Death and Dismemberment Policy, policy number ADD-9922, was governed by ERISA. *See Webb*, 2010 WL 4810719, at *2–*3.  Likewise, here the Court must engage in a factual analysis to determine whether or not the Decedent's specific employer or employee organization established or maintained the Policy at issue, thereby showing that the Policy is governed by ERISA. *See id*.  However, unlike the stage of litigation in *Webb*, this Court is not presently ruling on an evidentiary motion.  Further, it would be improper for the Court to undertake such an analysis through Defendant's Motion to Dismiss. *See Hal Roach Studios, Inc.*, 896 F.2d at 1555 n.19. Accordingly, the Court denies Defendant's Motion to Dismiss.

In its Reply, Defendant requested, in the alternative, to be allowed to "conduct targeted and brief discovery into ERISA's applicability and file a summary judgment motion before proceeding with traditional discovery." (Reply 3:17–20, ECF No. 15).  The principal issue is whether or not Decedent's specific accidental death and dismemberment insurance policy is an employee welfare benefit plan governed by ERISA.  This is a distinct, narrowly focused factual issue readily subject to targeted discovery and resolution on a motion for summary judgment. *See Youssofi v. Cmre Fin. Servs., Inc*., No. 15CV2310 JM(WVG), 2016 WL 245849, at *4 n.2 (S.D. Cal. Jan. 21, 2016) ("The court notes that this procedure is consistent with Fed.R.Civ.P. 1 and will promote the 'just, speedy, and inexpensive determination' of the remaining issues in this action.").  The Court finds that such limited discovery is warranted, and grants this request.

///

///

///

///

IV.     **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 11) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Defendant's request to conduct limited discovery on the application of ERISA to these proceedings is **GRANTED**. The parties shall have ninety days from the date of the filing of this Order in which to complete such limited discovery. Dispositive motions may be filed within sixty days following the close of such discovery.

**DATED** this  10   day of August, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge